**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Matthew John Ryan,<br><br>　　　　Defendant,<br><br>　　　　and<br><br>Hurricane Home Solutions Inc.,<br><br>　　　　Garnishee. | Civil Action No.: 1:23-cv-443 (FJS/PJE)<br><br>**FINAL ORDER OF GARNISHMENT** |

　　　　This matter is before the court for entry of a final order of garnishment, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act, against the substantial nonexempt property belonging to or due the defendant-judgment debtor, Matthew John Ryan.

　　　　The United States filed an application for writ of garnishment seeking any substantial nonexempt property belonging to or due Matthew John Ryan, held by Hurricane Home Solutions Inc., the Garnishee.  A writ of garnishment was properly served on the Garnishee, which filed an

answer stating it had in its possession, custody, or control substantial nonexempt property belonging to or due Matthew John Ryan.

The United States served Matthew John Ryan with the writ on or about April 28, 2023, and notified the defendant of the right to a hearing. The United States also served each person whom the United States has reasonable cause to believe has an interest in the property subject to the writ and notified the parties of the right to a hearing.

Having considered the application, writ, and answer, denying the defendant's request for a hearing and the defendant's objections, and reviewing the subsequent letter briefs, status reports, and responses filed by both the plaintiff and the defendant, the Court finds that the entry of the Final Order of Garnishment is in all respects, proper.

IT IS ORDERED that the Garnishee, Hurricane Home Solutions Inc., shall liquidate securities and all property or funds of the defendant in which he has an ownership interest, including, but not limited to, 10% of the net amount of commissions owed to the defendant ($348.20), the entirety of the defendant's 401(k) plan, as well as any new property of the defendant which the Garnishee obtains custody, control, or possession while this Writ is in effect, within 15 days from the date of this order. *See* 28 U.S.C. § 3205(c)(2)(F). The Garnishee shall liquidate funds as needed to pay the full liquidated value of any and all accounts, less any deductions required by law, with no withdrawal penalty, to the Clerk of the Court toward the outstanding restitution. *See United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006)

2

(involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal).

Checks should be made payable to:

**CLERK, U.S. DISTRICT COURT**

and mailed to:

**CLERK, U.S. DISTRICT COURT**
100 S. Clinton Street
P.O. Box 7367
Syracuse, N.Y. 13261

Dated:     January 27 , 2025

**SO ORDERED.**

_____
Frederick J. Scullin, Jr.
Senior United States District Judge